ANDERSON BOURGEOIS, PROSECUTOR, v. BOARD OF HEALTH OF OCEAN CITY.

Argued June 2, 1908—Decided November 9, 1908.

A justice of the peace has jurisdiction to hear and determine violations of health ordinances in cities where no police justice has been appointed or provided for. The mayor of such city has not exclusive jurisdiction. He is given in some matters the same powers as police justices appointed in any city, but the powers given the mayor are not exclusive, and in the enforcement of the Health act of 1887 (*Pamph. L., p.* 89) a justice of the peace of the county has jurisdiction in all cities in his county where the option to provide for a police justice has not been exercised, and no such officer exists.

On *certiorari.*

Before Justices REED, BERGEN and VOORHEES.

For the prosecutor, *Bourgeois & Sooy.*

For the defendant, *Apgar & Boswell.*

The opinion of the court was delivered by

BERGEN, J. The prosecutor was convicted before a justice of the peace of violating the health ordinance of Ocean City, and seeks to reverse the judgment of conviction, upon the ground that the justice was without the required jurisdiction to hear and determine the question. The only objection we can consider is that relating to the jurisdiction of the court; the other questions raised relate either to the proof or merits, and should have been corrected, if erroneous, by appeal. *Board of Health* v. *Cattell,* 44 *Vroom* 516.

The principal point argued is that as the act (*Pamph. L.* 1897, *p.* 46) confers upon the mayor the same jurisdiction to enforce ordinances as is given to a police justice when appointed, and as a police justice is given exclusive jurisdiction in such matters, the mayor was the only judicial officer having jurisdiction to hear and determine violations of the health ordinance. This claim has no merit. The jurisdiction given the mayor under section 25 (*Pamph. L.* 1897, *p.* 60) is not exclusive, and it is admitted that the common council of the city had not exercised its option under section 78 of the same act to establish a police court. Section 18 of the Health act (*Pamph. L.* 1887, *p.* 89) provides "that every district court in any city, and every justice of the peace in any county, and any police justice or recorder in any city is hereby empowered" to enforce the health code. There being no court, or judicial officer in Ocean City having exclusive jurisdiction over the enforcement of the law relating to public health as enacted in *Pamph. L.* 1887, *p.* 89, we are of opinion that under that statute a justice of the peace of the county of Ocean had jurisdiction of the matter under review.

It is further urged that the conviction does not state that the cause was heard in a summary manner, but this is disposed of, contrary to the prosecutor's claim, in *Board of Health* v. *Rosenthal,* 38 *Vroom* 216.

Another objection is that no notice was given. This was not necessary. Section 18 of the Health act (*Pamph. L.* 1887, *p.* 89) does not require notice before suit. Notice is only required under section 14 if the city proposes to abate a nuisance and charge the expense thereof to the delinquent.

The rule is dismissed, with costs.